

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 05-30056-02 |
| Plaintiff, | |
| -vs- | ORDER AND OPINION ON MOTION TO VACATE |
| MARTIN JANIS, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant pleaded guilty to a one count indictment charging conspiracy and possession with intent to distribute cocaine. He was sentenced on January 23, 2006, to 30 months custody to be followed by three years supervised release. He appealed his conviction and sentence to the United States Court of Appeals for the Eighth Circuit. The Eighth Circuit dismissed his appeal based upon his waiver, in the plea agreement, of any appeal of a sentence which was within the advisory guideline range.

Defendant contends that (1) ineffective assistance of counsel prevented him from entering into a knowing and voluntary plea, (2) his sentence was based upon a drug quantity not charged in the indictment or admitted to by the defendant, and (3) his sentence was imposed in violation of the Federal Sentencing Guidelines. I have conducted an initial consideration of the motion to vacate, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Court.

Defendant's motion as it relates to sentencing issues is procedurally defaulted. Defendant waived, as part of his plea, "any right to appeal any and all motions, defenses, probable cause determinations, and objections which he has asserted or could assert to this prosecution, and to the Court's entry of judgment against him and imposition of sentence, including sentence appeals

under 18 U.S.C. § 3742."[1] A promise made in a plea agreement to waive appeal rights is binding upon defendant and "is enforceable if (1) the appeal sought is within the scope of the waiver, (2) the waiver was knowing and voluntary, and (3) the enforcement of the waiver will not result in a miscarriage of justice." United States v. Andis, 333 F.3d 886, 889-90 (8th Cir. 2003).

Defendant does not address the appeal waiver contained in his plea agreement, so there is no contention that the waiver is unenforceable. He does contend that his plea generally was not knowing and voluntary because the plea agreement "permitted the District Court to find a drug type and quantity rather that was not found by a jury or admitted by the movant." A review of the record compels the conclusion that his appeal waiver must be enforced. The waiver language in the plea agreement is clear. Defendant testified at his change of plea hearing that he fully understood he was waiving very important rights and that he fully understood what he was waiving. Defendant does not contend that his waiver was made unknowingly or involuntarily. He was warned by this Court in no uncertain terms what important rights he was waiving. Accordingly, that waiver may be specifically enforced.

Likewise, defendant was warned in no uncertain terms that the danger in entering a plea is that nobody knew on that date what the criminal history score would be, what drug quantity would be used to calculate his sentence, or what his Guidelines range would be. He was warned that his only protection was that he would not receive a custodial sentence in excess of the statutory maximum of 20 years. Any contention that his plea was not entered knowingly or voluntarily must be rejected.

Failure to raise sentencing issues on direct appeal bars defendant from raising the issues for the first time in a section 2255 habeas corpus proceeding. Reid v. United States, 976 F.2d 446, 447 (8th Cir.1992). The Supreme Court has stated that "a collateral challenge may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). Thus, if a criminal defendant fails to exercise his right to appeal, in this

---

[1] He reserved the right to appeal the sentence for a determination of reasonableness should he be sentenced outside the advisory Guidelines range. He was sentenced within the range found by the Court at sentencing.

2

case because he waived that right, he has waived his right to collaterally challenge the conviction and sentence in a § 2255 civil proceeding.

Defendant's ineffective assistance claim is really a veiled sentencing claim. The United States Supreme Court held in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), that other than a prior conviction, facts used to enhance a sentence must either be admitted by the defendant or submitted to the jury and found beyond a reasonable doubt. The United States Supreme Court applied the rule in Apprendi in Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), striking down a Washington determinate sentencing guidelines scheme. On January 12, 2005, the United States Supreme Court applied the Apprendi rule to the Federal Sentencing Guidelines in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). The Supreme Court in Booker excised a portion of the Sentencing Reform Act to make the Federal Sentencing Guidelines advisory only. United States v. Booker, 543 U.S. at 245, 125 S.Ct. at 756-57. "Under an advisory Guidelines regime, sentencing judges are only required to find sentence-enhancing facts by a preponderance of the evidence." United States v. Garcia-Gonon, 433 F.3d 587, 593 (8th Cir. 2006).

Defendant's sentence was calculated based upon a drug quantity to which the defendant did not object. Although he did not specifically agree to a quantity in the factual basis statement, there is no requirement that drug quantity be agreed to by the defendant or found by the jury.

The district court must hold an evidentiary hearing on a § 2255 motion which presents factual issues. United States v. Lambros, 614 F.2d 179, 181 (8th Cir. 1980). However, a § 2255 "petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (*quoting* Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)). No evidentiary hearing is necessary in this matter because it plainly appears from the face of the motion that the defendant is not entitled to relief. Summary dismissal is therefore appropriate pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Now, therefore,

IT IS ORDERED:

Defendant's motion to vacate, set aside, or correct sentence, Doc. 129, is denied.

Dated this 3rd day of March, 2008.

BY THE COURT:

CHARLES B. KORNMANN
U.S. District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Barbara J. Raeple
DEPUTY
(SEAL)